## SUPERIOR COURT

James J. McKittrick
vs.                    }No. 6549
George Bates, et al.

RESCRIPT

May 9, 1925

BAKER, J.   The bill in this case sets out a state of facts somewhat out of the ordinary. The relief asked is for an injunction and for the determination of the title to certain chattels.

It appears that this personal property was attached by the respondent, Bates, a deputy sheriff, by virtue of a certain writ issued in an action of assumpsit brought by one Moni against one Schively. Thereafter the complainant in the case at bar replevied from the respondent, Bates, the goods attached, claiming to have the title thereto, and the usual replevin bond was given by the complainant. Later this replevin case was heard and the plaintiff—that is to say the complainant in this proceeding—was non-suited on certain jurisdictional grounds, and thereafter the exceptions to said non-suit were withdrawn in the Supreme Court and the case was finally determined in favor of the respondent, Bates.

The evidence further shows that the complainant, McKittrick, then retained possession of these goods and chattels and used them for some period of time in his rooming house busi-

ness. Later he sold them for the sum of $175, so that at the present time he no longer has them in his possession.

The complainant contends that he is entitled to equitable relief in this proceeding because the question as to the actual title to the goods and chattels in dispute has never been heard upon its merits, and this question, he claims, can only be determined in the present proceedings and, therefore, if he is not given relief, he will suffer irreparable injury.

The respondents, on the other hand, urge that the present bill has no merit and that the evidence shows that the complainant is not entitled to the relief asked for.

After considering the testimony, it would appear to the court that the complainant has brought his present difficulties upon himself by retaining possession of these goods and chattels, using the same and later disposing of them after the termination of the replevin suit again him, even though that termination was on what might be termed technical grounds. The complainant practically took the settlement of the qeustion of title into his own hands.

There is in the evidence some claim made that the complainant offered, through his attorney, to return the goods to the respondents. This matter is, however, left in a very vague situation and in the judgment of the court the complainant has not by any means satisfactorily shown that he tendered back the goods or made any attempt to restore them to the possession of the deputy sheriff from whom he had replevied them.

It is clear that under the terms of his replevin bond he should have returned and restored these goods when the replevin case went against him, the language of the bond being substantially: "and shall also return and restore the same goods and chattels in like good order and condition as

when taken." By neglecting to do this, or at least make a proper and legal offer or tender so to do, in the opinion of the court, the complainant has placed himself in a position where he can not now ask for equitable relief to get himself out of the difficulties in which his own actions have placed him.

The prayer of the bill is denied and the bill is dismissed.

For complainant: William A. Gunning.

For Respondents: A. V. Pettine.